**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 25-65-DLB**

**TERRILL GOODS, SR.**                                                      **PLAINTIFF**


**v.**                                 **DISMISSAL ORDER**


**UNITED STATES OF AMERICA, ET AL.**                          **DEFENDANTS**

*** *** *** ***

Terrill Goods, Sr. is an inmate at McDowell FCI in Welch, West Virginia. Proceeding without counsel, Goods filed a civil rights complaint (Doc. # 4), a motion for leave to proceed *in forma pauperis* (Doc. # 1), and a motion for the appointment of counsel (Doc. # 2).  Having reviewed Goods's fee-related motion and supporting documentation, the Court is persuaded that he lacks sufficient funds to prepay the fee associated with filing a civil action.  Accordingly, that motion will be granted on the terms established by 28 U.S.C. § 1915(b).  Because Goods is granted pauper status in this proceeding, the $55.00 administrative fee is waived.  *See* District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct an initial screening of Goods's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  These provisions require the Court to dismiss any claim that is malicious, frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  In performing this initial review of Goods's pleading, the Court accepts his factual allegations as true and

construes his legal claims liberally in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Goods names five defendants in his complaint—(1) the United States of America; (2) Assistant United States Attorney Andrew Spievack; (3) Assistant United States Attorney Elaine Leonard; (4) James A. Daley ("Jailer/Fed. Lawyer"); and (5) Combined Public Communications ("Phone Service Provider for County Jail").  Goods alleges that Spievack and Leonard violated his rights under the Fourth and Fifth Amendments between January 27, 2022, and May 24, 2023.  He further alleges that Combined Public Communications "facilitated the violations of the [two] AUSAs" and allowed violations of the Fourth and Fifth Amendment to be disregarded.

Goods asserts that Daley conspired with Spievack and Leonard.  He also alleges that Daley violated his rights under the Eighth Amendment by causing him to contract COVID-19 and by placing him on suicide watch after a court hearing on May 24, 2023.[1] Lastly, Goods suggests that the United States may be liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80.  *See* Doc. 4 at 4.  He seeks 75 million dollars in damages based on "the conspirators' [e]gregious behavior" and an order/investigation to "deter future behavior."

Goods's complaint must be dismissed because he fails to include sufficient factual allegations to state a cognizable claim for relief against any of the defendants.  First, he alleges that Spievack and Leonard violated his rights under the Fourth and Fifth Amendments but does not provide any factual support for this claim.  *See Ashcroft v.*

---

[1]   Goods was convicted of several controlled substance offenses and was sentenced to a total of 420 months in prison on May 24, 2023.  *See United States v. Goods*, 2:22-CR-17-1 (Doc. # 208).  That conviction and sentence were affirmed on appeal on March 18, 2024 (*Id*. at Doc. # 249).

2

*Iqbal*, 556 U.S. 662, 678 (2009) (providing that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Since a pleading that offers only "labels and conclusions" or "naked assertions" devoid of factual enhancement will not do, the claims against Spievack and Leonard must be dismissed.

Goods also fails to state a cognizable claim for relief against Combined Public Communications.  First, Goods has not alleged facts indicating that Combined Public Communications—a private company that provides services within Campbell County Detention Center—is a state actor for purposes of 42 U.S.C. § 1983.   *See T-Netix, Inc. v. Combined Public Comms., Inc.*, Civil No. 3:09-cv-743-CRS, 2012 WL 1078826, at * 1 (W.D. Ky. Mar. 30, 2012) (observing that Combined Public Communications is a telecommunication company that provides telephone services to county and city jails throughout Kentucky and surrounding states).  Regardless, Goods's allegation that Combined Public Communications "facilitated the violations of the two AUSAs" does not explain in any discernable way how this defendant allegedly violated his constitutional rights or otherwise caused him harm.

Goods's claims against Daley also must be dismissed.  Goods claims that Daley, who is Jailer of the Campell County Detention Center, violated his constitutional rights by placing him on suicide watch.  But "[t]emporary placement on suicide watch, even when not necessary, does not implicate a liberty interest protected by the Due Process Clause nor does it amount to cruel and unusual punishment. . . ."  *Jones v. Lee*, No. 2: 09-CV-11283, 2012 683362, at *4 (E.D. Mich. Mar. 2, 2012), *report and recommendation adopted*, No. 09-11283, 2012 WL 1048541 (E.D. Mich. Mar. 28, 2012) (collecting cases).

3

Goods has not alleged *any* facts regarding his placement on suicide watch—let alone that the conditions were particularly harsh or that he remained subject to them for a significantly long time. Accordingly, this claim necessarily fails. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 690-91 (7th Cir. 2013).

Likewise, Goods's conclusory allegation that Daley "caused [him] to contract C-19" in August 2022 is insufficient to state a cognizable claim for relief. *See Iqbal*, 556 U.S. at 678 (observing that detailed factual allegations are not required, but "an unadorned, the defendant-unlawfully-harmed-me accusation" will not suffice). Finally, Goods's conclusory allegation that Daley conspired with the AUSAs fails to state a claim upon which relief can be granted, as Goods fails to flesh out this claim in any meaningful way.

Goods also does not state a claim for relief under the Federal Tort Claims Act ("FTCA"). Although he references the FTCA in the "relief" section of his complaint and names the United States as a defendant, he does not describe a "negligent or wrongful act or omission" of a government employee upon which an FTCA claim arises. Any potential FTCA claim will be dismissed without prejudice. However, Goods is cautioned that before bringing an FTCA claim in federal court, he must administratively exhaust his claim with the Bureau of Prisons. *See* 28 U.S.C. § 2675(a).

Finally, Goods's motion for the appointment of counsel will be denied. Goods asserts that the appointment of counsel is necessary to "help attain evidence and avoid needless delay by the United States." (Doc. # 2). But federal courts appoint counsel to represent *pro se* parties in civil litigation only in truly exceptional circumstances. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant

4

such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *See Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). There is nothing to indicate exceptional circumstances exist in this case, since Goods has demonstrated an ability to represent himself adequately and he has failed to state any claims upon which relief can be granted.

Accordingly, it is **ORDERED** as follows:

1. Goods's motion for leave to proceed *in forma pauperis* (Doc. # 1) is **GRANTED**. Payment of the $50.00 administrative fee is **WAIVED**. However, pursuant to 28 U.S.C. § 1915(b)(1), Goods must pay the $350.00 filing fee in the manner forth below:

   a. Within 28 days, Goods must pay $26.81 to the Clerk of the Court as an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1)(A).

   b. The Clerk of the Court shall open an account in Goods's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with Goods's name, his inmate registration number, and this case number. The Clerk of the Court shall send a copy of this Order and the Notice of Payment Form to the Jailer/Warden of the institution where Goods is currently confined;

   c. Each month Goods's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds

$10.00.  The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid.  *See* 28 U.S.C. 1915(b)(2).

2.  Goods's motion to appoint counsel (Doc. # 2) is **DENIED**;

3.  Goods's complaint (Doc. # 4) is **DISMISSED;** and

4.  The Court will enter a separate Judgment contemporaneously herewith.

This 4th day of June 2025.



Signed By:

*David L. Bunning*

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Goods 25-65 DLB Dismissal Order-EAR.Docx